UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DANIELLE BITON,

                       Plaintiff,

- against -

AMEENA MEER, FRANK COMPASTO,
and COMPASTO & COMPASTO,

                       Defendants.
---------------------------------------------------------------x


FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
APR 0 5 2013
BROOKLYN OFFICE

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
12-CV-05293 (CBA) (LB)

AMON, Chief United States District Judge.

On December 28, 2012, plaintiff Danielle Biton, appearing <u>pro se</u>, filed this action against two individuals and a law firm. Because Biton does not attach any state court documents, the Court liberally construes this submission titled a "notice of removal" as a complaint. Biton's request to proceed <u>in forma pauperis</u>, submitted on January 18, 2013, is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. The complaint is dismissed for the reasons stated below.

## FILING INJUNCTION

By Order dated December 28, 2012, the Court set forth Biton's vexatious litigation pattern in this Court and ordered her to submit to this Court, within thirty (30) days of the date of the Order, her written affirmation setting forth good cause "why she should not be barred from filing any further <u>in forma pauperis</u> actions in the Federal Court for the Eastern District of New York without first obtaining permission from the Court to do so." See <u>Biton v. Prime Minister of Israel</u>, No. 12-CV-5234 (CBA); <u>Biton v. Washington Dulles Airport Authority</u>, No. 12-CV-5331 (CBA); <u>Biton v. Aventura, Florida</u>, No. 12-CV-5426 (CBA), DE #4 at 7; <u>Bitton v. Chitrid</u>, No. 12-CV-5359 (CBA), DE #6 at 7. By Order dated February 28, 2013, Biton was enjoined

1

from filing any further in forma pauperis actions in the Federal Court for the Eastern District of New York without first obtaining permission from the Court to do so. However, since the filing injunction had not yet been entered at the time the instant action was filed, this case is not subject to the injunction.

## BACKGROUND

The complaint consists solely of incomprehensible allegations against dozens of people and involving subjects as disparate as hybrid taxis, identity theft, operation of a restaurant, the FBI, rape, kidnaping, the Catholic Church. Despite its best efforts, the Court cannot ascertain the basis for Biton's claim, aside from the fact that she has had some business dealings with the defendants about which she is dissatisfied.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citation omitted).

In Denton v. Hernandez, 504 U.S. 25 (1992), the Supreme Court noted that

> the in forma pauperis statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 32 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). "[A] finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id at 33.

The Court finds that the complaint is delusional and completely devoid of merit. There is nothing in the complaint that alleges a federal cause of action against these defendants. The complaint is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      April 5, 2013

/S/ Chief Judge Carol B. Amon
_____
Carol Bagley Amon
Chief United States District Judge